UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE ENGELMAYER

------------------------------------------------------------x

FARID MARZUQ,

                        Plaintiff,

        -against-

THE CITY OF NEW YORK; EMERITO DEJESUS;
SEAN DRAIN; PAUL RIVERA; BENNIE VANCE;
WILLIAM VARGAS; UNDERCOVER OFFICER
C0307; and JOHN/JANE DOES, Nos. 1-10 (the names
and Jane Doe being fictitious, as the true names are
presently unknown),

                      Defendants.

------------------------------------------------------------x

# 15 CV 04302

**COMPLAINT**

**Jury Trial Demanded**

**ECF Case**



Plaintiff FARID MARZUQ, by his attorney, Robert T. Perry, respectfully alleges as follows:

## NATURE OF ACTION

1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental claims under New York law.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

4.    The Court has jurisdiction over plaintiff's supplemental state law claims under 28 U.S.C. § 1367.

5.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

6.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.      Plaintiff FARID MARZUQ is a resident of the City, County, and State of New York.

8.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which the City is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

9.      Defendant EMERITO DEJESUS (Shield No. 7309) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Dejesus was a detective assigned to Narcotics Borough Manhattan South.  Defendant Dejesus is being sued in his individual capacity.

10.      Defendant SEAN DRAIN (Shield No. 6915) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Drain was a detective assigned to Narcotics Borough Manhattan South. Defendant Drain is being sued in his individual capacity.

2

11.     Defendant PAUL RIVERA (Shield No. 1283) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Rivera was a detective assigned to Narcotics Borough Manhattan South. Defendant Rivera is being sued in his individual capacity.

12.     Defendant BENNIE VANCE (Shield No. 6561) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Vance was a detective assigned to Narcotics Borough Manhattan South. Defendant Vance is being sued in his individual capacity.

13.     Defendant WILLIAM VARGAS (Shield No. 6905) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Vargas was a detective assigned to Narcotics Borough Manhattan South.  Defendant Vargas is being sued in his individual capacity.

14.     Defendant UNDERCOVER OFFICER C0307 ("UC 0307") is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD. During the relevant times herein, defendant UC 0307 was a detective assigned to Narcotics Borough Manhattan South.  Defendant UC 0307 is being sued in his individual capacity.

15.     All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual capacities.

16.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual

defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

17.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

18.     On Thursday morning, July 24, 2014, at about 11:00 a.m., as plaintiff stood on the sidewalk outside the men's shelter at First Avenue and East 30th Street in Manhattan, where he was then staying, plaintiff was stopped and arrested by a number of police officers, including defendants Dejesus, Drain, Rivera, Vance, and Vargas, without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.  At the time of his arrest, plaintiff was not committing and had not committed any crime or offense.

19.     Plaintiff was handcuffed excessively tightly behind his back.  He asked officers to loosen the handcuffs but they refused to do so.

20.     Plaintiff was taken to the 13th Precinct, where officers made him remove his clothes and squat for inspection of his anal cavity, even though there was no probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.  No drugs, pre-recorded buy money, other contraband, or any evidence of criminal activity were found on plaintiff's person or in his possession.

21.     In connection with plaintiff's arrest, officers, including defendants Dejesus, Drain, Rivera, Vance, Vargas, and UC 0307, prepared a false and misleading police report which they forwarded to the New York County District Attorney's Office ("District Attorney") and

made false and misleading statements to the District Attorney.  As a result, the District Attorney decided to prosecute plaintiff.

22.    The next day, Friday, July 25, 2014, plaintiff was arraigned in the Criminal Court of the City of New York, New York County ("Criminal Court") and charged with Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39), a felony under New York law, based on a complaint sworn to by defendant Vargas.

23.    Defendant Vargas alleged in the sworn complaint that plaintiff had participated in a narcotics transaction the previous day, Thursday, July 24, 2014, at about 10:55 a.m. in the vicinity of First Avenue and East 29th Street in Manhattan.  These allegations were completely false, as plaintiff had no involvement in any narcotics transaction.

24.    Plaintiff pled not guilty because he was entirely innocent of all charges.

25.    Bail was set in the amount of $750.  Because plaintiff could not post the bail, he was taken to Rikers Island Correctional Facility.

26.    On Wednesday, July 30, 2014, after having spent six days in custody, plaintiff was released on his own recognizance, as the District Attorney was not ready to proceed.

27.    Over the next seven months, plaintiff had to make three more court appearances to defend himself against the false charges.

28.    On February 23, 2015, all charges against plaintiff were dismissed.  An assistant district attorney stated on the record that his office could not prove plaintiff's guilt beyond a reasonable doubt.  Had the District Attorney not moved to dismiss the charges on that ground, the Criminal Court would have dismissed the charges anyways for failure to prosecute.

29.     As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, loss of liberty, physical restraints, and violation of his constitutional rights.

30.     The above police misconduct occurred as a direct result of unconstitutional customs, policies, and practices of the City and the NYPD, including but not limited to: making unlawful stops and arrests; arresting innocent people to meet productivity goals or arrest quotas or for professional advancement, overtime compensation and other objectives outside the ends of justice; and fabricating evidence to justify a false arrest.

31.     The existence of such unconstitutional customs, policies, and practices may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed against the City and NYPD police officers, as well as from notices of claims filed with the City's Office of Comptroller and complaints filed with the NYPD's Internal Affairs Bureau and the City's Civilian Complaint Review Board.

32.     In denying the City's motion to dismiss a municipal liability claim in *Colon v. City of New York*, No. 09 Civ. 8 (JBW), 2009 WL 4263362 (E.D.N.Y. Nov. 25, 2009), the Honorable Jack B. Weinstein, United States District Judge, observed:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department, there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

*Id.* at *2.

33.      Seemingly acknowledging the problem, then New York City Police Commissioner Raymond E. Kelly stated in October 2009, "When it happens, it's not for personal gain. It's more for convenience." Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19.

34.      Between 2005 and 2009, the NYPD refused to prosecute 40% of the cases referred by the Civilian Complaint Review Board ("CCRB") for prosecution. Christine Hauser, *Few Results for Reports of Police Misconduct*, N.Y. Times, Oct. 5, 2009, at A19. Moreover, only 25% of the cases found substantiated by the CCRB during that period resulted in NYPD discipline more severe than verbal instructions. *Id.*

35.      The City has inadequately screened, hired, retained, trained, and supervised police officers, including those named as defendants herein, to respect the constitutional rights of individuals with whom they come in contact.

## FIRST CLAIM FOR RELIEF

### (False Arrest Claim Under 42 U.S.C. § 1983)

36.      Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

37.      Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM FOR RELIEF

### (Excessive Force Claim Under 42 U.S.C. § 1983)

38.     Plaintiff repeats and realleges paragraphs "1" through "37" with the same force and effect as if they were fully set forth herein.

39.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

### (Unlawful Strip Search Claim Under 42 U.S.C. § 1983)

40.     Plaintiff repeats and realleges paragraphs "1" through "39" with the same force and effect as if they were fully set forth herein.

41.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

### (Malicious Prosecution Claim Under 42 U.S.C. § 1983 )

42.     Plaintiff repeats and realleges paragraphs "1" through "41" with the same force and effect as if they were fully set forth herein.

43.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated

8

in plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

### (Violation-of-Right-to-Fair-Trial Claim under 42 U.S.C. § 1983)

44.     Plaintiff repeats and realleges paragraphs "1" through "43" with the same force and effect as if they were fully set forth herein.

45.     Defendants fabricated false evidence against plaintiff and used that evidence against plaintiff in legal proceedings, in violation of plaintiff's right to a fair trial under the Fourteenth Amendment to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983)

46.     Plaintiff repeats and realleges paragraphs "1" through "45" with the same force and effect as if they were fully set forth herein.

47.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983)

48.     Plaintiff repeats and realleges paragraphs "1" through "47" with the same force and effect as if they were fully set forth herein.

49.    Defendants, singly and collectively, acting under color of state law, engaged in conduct that constituted customs, policies, and practices forbidden by the United States Constitution, including, but not limited to: making unlawful stops and arrests; arresting innocent people in order to meet productivity goals or arrest quotas or for professional advancement, overtime compensation, and other objectives outside the ends of justice; and fabricating evidence to justify a false arrest.

50.    The City and the NYPD have inadequately screened, hired, retained, trained and supervised police officers.

51.    The foregoing customs, policies, and practices constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

52.    The foregoing customs, policies, and practices were the direct and proximate cause of the constitutional violations suffered by plaintiff.

53.    The foregoing customs, policies, and practices were the moving force behind the constitutional violations suffered by plaintiff.

54.    The foregoing customs, policies, and practices deprived plaintiff of the right to be free from unreasonable seizure, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## Supplemental State Law Claims

55.    Plaintiff repeats and realleges paragraphs "1" through "54" with the same force and effect as if they were fully set forth herein.

56.    Within ninety (90) days after the claims herein arose, plaintiff duly served upon, presented to, and filed with the City a Notice of Claim setting forth all facts and information required under New York General Municipal Law § 50-e.

57.     More than thirty (30) days have elapsed since the presentation of plaintiff's claims to the City. The City has wholly neglected or refused to make an adjustment or payment thereof.

58.     This action was commenced within one (1) year and ninety (90) days after the claims accrued.

59.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

## EIGHTH CLAIM FOR RELIEF

### (False Arrest Under New York Law)

60.     Plaintiff repeats and realleges paragraphs "1" through "59" with the same force and effect as if they were fully set forth herein.

61.     Defendants, acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause to believe that plaintiff had committed any crime or offense, and without any warrant or authority to do so.

## NINTH CLAIM FOR RELIEF

### (Assault Under New York Law)

62.     Plaintiff repeats and realleges paragraphs "1" through "61" with the same force and effect as if they were fully set forth herein.

63.     Defendants, acting in concert and within the scope of their authority, placed plaintiff in apprehension of imminent harmful and offensive bodily contact.

## TENTH CLAIM FOR RELIEF

### (Battery Under New York Law)

64.     Plaintiff repeats and realleges paragraphs "1" through "63" with the same force and effect as if they were fully set forth herein.

11

65.     Defendants, acting in concert and within the scope of their authority, made offensive contact with plaintiff without privilege or consent.

## ELEVENTH CLAIM FOR RELIEF

### (Unlawful Strip Search Under New York Law)

66.     Plaintiff repeats and realleges paragraphs "1" through "65" with the same force and effect as if they were fully set forth herein.

67.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without probable cause or reasonable suspicion to believe that plaintiff had committed any crime or offense.

## TWELFTH CLAIM FOR RELIEF

### (Malicious Prosecution Under New York Law)

68.     Plaintiff repeats and realleges paragraphs "1" through "67" with the same force and effect as if they were fully set forth herein.

69.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in plaintiff's favor.

## THIRTEENTH CLAIM FOR RELIEF

### (*Respondeat Superior* Liability Under New York Law)

70.     Plaintiff repeats and realleges paragraphs "1" through "69" with the same force and effect as if they were fully set forth herein.

71.     The City is vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the above unlawful conduct.

12

## FOURTEENTH CLAIM FOR RELIEF

### (Negligent Screening, Hiring, and Retention Under New York Law)

72.     Plaintiff repeats and realleges paragraphs "1" through "71" with the same force and effect as if they were fully set forth herein.

73.     The City failed to use reasonable care in the screening, hiring, and retention of the NYPD employees who participated in the above unlawful conduct.

## FIFTEENTH CLAIM FOR RELIEF

### (Negligent Training and Supervision Under New York Law)

74.     Plaintiff repeats and realleges paragraphs "1" through "73" with the same force and effect as if they were fully set forth herein.

75.     The City failed to use reasonable care in the training and supervision of the NYPD employees who participated in the above unlawful conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)   Compensatory damages in an amount to be determined at trial;

(B)   Punitive damages in an amount to be determined at trial;

(C)   Reasonable attorney's fees and costs of this litigation; and

(D)   Such other relief as this Court deems just and proper.

Dated:   Brooklyn, New York
         June 4, 2015

                                        Respectfully submitted,

                                        *Robert T. Perry*

                                        ROBERT T. PERRY (RP-1199)
                                        45 Main Street, Suite 230
                                        Brooklyn, New York 11201
                                        (212) 219-9410
                                        *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FARID MARZUQ,                                                  :
                                                              :
                                        Plaintiff,            :
                                                              :
                        -against-                             :
                                                              :
THE CITY OF NEW YORK; EMERITO DEJESUS;                        :
SEAN DRAIN; PAUL RIVERA; BENNIE VANCE;                        :
WILLIAM VARGAS; UNDERCOVER OFFICER                            :
C0307; and JOHN/JANE DOES, Nos. 1-10 (the names               :
and Jane Doe being fictitious, as the true names are          :
presently unknown),                                           :
                                                              :
                                        Defendants.           :
-------------------------------------------------------------------x

**COMPLAINT**

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*